**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 5:20-CR-**_____ |
| | : | |
| v. | : | **VIOLATIONS:** |
| | : | |
| **TIERA SAMONE RICHARDSON and** | : | 18 U.S.C. § 371 |
| **SAMUEL LEE RICHARSON, III** | : | 18 U.S.C. § 1001 |
| | : | 18 U.S.C. § 982(a)(7) |
| | : | |
| Defendants. | : | |
| | : | |

## SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
**(Conspiracy to Defraud the United States)**

#### A. Introduction

At all times relevant to this Indictment:

1. The United States Department of Defense (DoD) was a government entity within the executive branch of the United States government.

2. Defendant Tiera Samone Richardson was a member of the United States Air Force, a military department within the DoD. Defendant Samuel Lee Richardson, III was the spouse of Defendant Tiera Samone Richardson.

3. DoD operated, oversaw, and administrated the Special Compensation for Assistance with Activities of Daily Living (SCAADL) Program. The SCAADL program provided monthly compensation for catastrophically injured or ill members of the military who

required assistance with activities of daily living or who were at a high risk for personal safety and could not live independently in the community without caregiver support.

4. The SCAADL program also provided financial assistance for the non-medical care, support and assistance by a primary caregiver for an eligible member of the military.

5. The amount of compensation provided through the SCAADL program for each eligible member of the military was based on a three-tier system recognizing the variation in complexity of care required by the eligible member of the military and provided by the caregiver.

6. The three-tier system was based on a clinical determination of the number of Activities of Daily Living (ADL) needs of the eligible military member and the number of hours required by a caregiver to support each ADL or significant mental health or behavior impairment of the eligible military member requiring constant supervision. The three-tier system was further defined as described in the table below:

| Tier Level | Dependency | Description |
|:---:|:---:|:---|
| 1 | Low | Eligible military member will be presumed to require at least 10 hours per week of caregiver assistance. |
| 2 | Moderate | Eligible military member will be presumed to require at least 25 hours per week of caregiver assistance. |
| 3 | High | Eligible military member will be presumed to require at least 40 hours per week of caregiver assistance. |

B.  **The Conspiracy and Its Objects**

7.  From on or about June 1, 2018, and continuing thereafter until on or about July 10, 2020, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this court, Defendants,

**TIERA SAMONE RICHARDSON and
SAMUEL LEE RICHARSON, III,**

knowingly and willfully conspired and agreed together and with each other, to defraud the United States of and concerning its governmental functions and rights, hereafter described, that is: of and concerning its right to have its business and its affairs, and particularly the transaction of the official business of the Department of Defense in its administration of the SCAADL program, conducted honestly and impartially, free from corruption, fraud, improper and undue influence, dishonesty, unlawful impairment and obstruction, in order to receive compensation to which they were not entitled from the SCAADL program.

C.  **Manner and Means of the Conspiracy**

8.  It was a part of the conspiracy that the Defendants would by deceit, craft, trickery and dishonest means, defraud the United States by interfering with and obstructing the lawful governmental functions of the Department of Defense in its administration of the SCAADL program, in that the Defendants would falsely claim that due to a stroke Defendant **TIERA SAMONE RICHARDSON** had in June 2018 while she was still a member of the United States Air Force, she was unable to conduct a number of Activities of Daily Living as defined by the SCAADL program and was in need of

3

assistance from a caregiver, namely her spouse, Defendant **SAMUEL LEE RICHARDSON, III**.

9. It was further a part of the conspiracy that the Defendants would attend medical appointments together at Robins Air Force Base related to Defendant **TIERA SAMONE RICHARDSON**'s care and treatment following her stroke wherein she and Defendant **SAMUEL LEE RICHARDSON, III** falsely communicated to the medical staff that she had a continuous need for assistance based on her inability to conduct various Activities of Daily Living as defined by the SCAADL program, so that Defendant **TIERA SAMONE RICHARDSON** would remain eligible for compensation under the SCAADL program with Defendant **SAMUEL LEE RICHARDSON, III** as her caregiver.

## Overt Acts

10. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Macon Division of the Middle District of Georgia and elsewhere:

    a. On or about January 23, 2019, in the Macon Division of the Middle District of Georgia, Defendants,

       **TIERA SAMONE RICHARDSON and
       SAMUEL LEE RICHARSON, III,**

       spoke with members of the 78th Medical Operations Squadron at Robins Air Force Base in Warner Robins, Georgia and indicated that Defendant **TIERA**

4

**SAMONE RICHARDSON** had ongoing issues related to her speech and ability to keep her balance while walking.

b. On or about May 31, 2019, in the Macon Division of the Middle District of Georgia, Defendants,

**TIERA SAMONE RICHARDSON and
SAMUEL LEE RICHARSON, III,**

spoke with members of the 78th Medical Operations Squadron at Robins Air Force Base in Warner Robins, Georgia and indicated that Defendant **TIERA SAMONE RICHARDSON** had ongoing issues related to her speech and ability to keep her balance while walking.

All in violation of Title 18, United States Code, Section 371.

**COUNTS TWO THROUGH THREE**
**(False Statements & Representations Made to a Government Agency)**

On or about the dates alleged in the table below, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, Defendant,

**TIERA SAMONE RICHARDSON**

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Department of Defense, an entity within the executive branch of the Government of the United States, by stating and representing to members of the 78th Medical Operations Squadron at Robins Air Force Base in Warner Robins, Georgia that **DEFENDANT TIERA SAMONE RICHARDSON** needed assistance with Activities of Daily Living as defined by the SCAADL program. The statements and representations were false because, as **DEFENDANT TIERA**

5

**SAMONE RICHARDSON** then and there knew, she did not need assistance with

Activities of Daily Living as defined by the SCAADL program:

| COUNT | DATE ON DOCUMENT | DOCUMENT INFORMATION | SUBMITTED TO |
|---|---|---|---|
| 2 | 02/05/2019 | DD Form 2948 (SCAADL Eligibility Form) | 78th Medical Operations Squadron at Robins Air Force Base |
| 3 | 05/31/2019 | DD Form 2948 (SCAADL Eligibility Form) | 78th Medical Operations Squadron at Robins Air Force Base |

All in violation of Title 18, United States Code, Section 1001(a)(2).

<u>FORFEITURE NOTICE</u>
**(18 U.S.C. § 982(a)(7) - Criminal Forfeiture)**

1.      The allegations contained in Counts One through Three of this Indictment

are hereby re-alleged and incorporated by reference into this Notice for the purpose of

alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2.      Upon conviction of the offense[s] in violation of Title 18, United States

Code, Section 371 set forth in Count One; and/or Title 18, United States Code, Section

1001(a)(2) set forth in Counts Two and Three of this Indictment the Defendants,

**TIERA SAMONE RICHARDSON and**
**SAMUEL LEE RICHARSON, III,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code,

Section 982(a)(7) , any property, real or personal, that constitutes or is derived, directly or

indirectly, from gross proceeds traceable to the commission of the offense(s).

3.      If any of the property described above, as a result of any act or omission of

the defendant(s):

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL.

*/s/ Foreperson of the Grand Jury*
FOREPERSON OF THE GRAND JURY

Presented by:

CHARLES E. PEELER
UNITED STATES ATTORNEY

C. SHANELLE BOOKER
Assistant United States Attorney

Filed in open court this ⎣7 day of Sept, 2020.

Deputy Clerk

7